UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRAMOS INTL NV, a Belgium corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINE A MAY, R. PARKIN MAY; JAMES R. ESPOSITO, AND BERGDAHL ASSOCIATES, INC., a Nevada corporation,<br><br>Defendants. | Case No. 3:15-cv-00620-LRH-VPC<br><br>AMENDED STIPULATED ~~AND PROPOSED~~ PROTECTIVE ORDER<br><br> |

## STIPULATED PROTECTIVE ORDER

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or settling this litigation may be warranted. In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order:

A.  **INFORMATION SUBJECT TO THIS ORDER**

1. For purposes of this Order, "Confidential Information" means information, whether embodied in any physical or electronic medium, that is used by the producing party in or pertaining to its trade or business, which information the producing party believes in good faith has competitive value, which is not publicly known, or is information which the producing party would not normally reveal to third parties except in confidence, or has undertaken with others to

maintain in confidence.

2. Any document or tangible thing containing or including any Confidential Information may be designated as such by the producing party by marking or affixing the legend "CONFIDENTIAL" on each page of the document or on the cover or in a prominent place on any other tangible thing prior to or at the time copies are furnished to the receiving party.

3. Any document or tangible thing designated as Confidential Information that is identified as an exhibit in connection with testimony given in these proceedings shall be marked with a label "CONFIDENTIAL," and any testimony concerning such document or tangible thing shall also be considered Confidential Information and shall be subject to the terms of this stipulation.

4. All Confidential Information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 2, shall be designated by the producing party by informing the receiving party of the designation in writing.

5. The following information is not Confidential Information:

    a. Any information that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

    b. Any information that the receiving party can show was already publicly known prior to the disclosure; and,

    c. Any information that the receiving party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

**B. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

1. Material designated Confidential Information shall:

    a. be kept strictly confidential by all parties to whom it is disclosed;

    b. be disclosed only to those persons necessary for the purposes of this litigation including litigation counsel, expert witnesses, and court personnel;

    c. be used only for prosecution, defense, or settlement of this

1  litigation; and be utilized in this litigation in such a way that it shall not become a matter of public
2  record.

3       2.    Confidential Information may be used by any party to whom it is properly
4  disclosed, only in this action; no party hereto shall use any Confidential Information for any
5  business or personal purpose, nor shall any party hereto cause or permit the disclosure of any
6  Confidential Information except in accordance with the terms hereof.

7       3.    Confidential Information shall be produced only to counsel for the receiving party
8  and shall not be exhibited, disclosed, published or disseminated to any person, other than those
9  delineated above in Paragraph B.1.b without the prior written consent of counsel for the
10 producing party. No person to whom Confidential Information is disclosed shall discuss the
11 information with, nor shall any such person disclose the Confidential Information to any person,
12 or for any purpose other than for the prosecution, defense, or settlement of this litigation.

13      4.    Counsel to whom Confidential Information is disclosed or produced shall take all
14 due precautions to ensure that any persons to whom Confidential Information is disclosed are
15 informed of the terms of the stipulation, and that, except as provided herein, no one is informed of
16 the substance of any Confidential Information disclosed or produced.

17      5.    Counsel who seeks to file with the court clerk Confidential Information in the form
18 of a document, discovery response, deposition transcript, pleading or other record or tangible
19 item, shall do so under seal. Unless otherwise permitted by statute, rule or prior court order,
20 papers filed with the court under seal shall be accompanied by a contemporaneous motion for
21 leave to file those documents under seal, and shall be filed consistent with the court's electronic
22 filing procedures in accordance with Local Rule 10-5(b). Notwithstanding any agreement among
23 the parties, the party seeking to file a paper under seal bears the burden of overcoming the
24 presumption in favor of public access to papers filed in court. *Kamakana v. City and County of*
25 *Honolulu*, 447 F.2d 1172 (9th Cir.2006).

26 **C.    APPLICATION FOR RELIEF FROM DESIGNATION**
27      1.    After receipt of the Confidential Information, the parties to this Stipulated
28 Protective Order retain the right to meet and confer to contest the designation of Confidential

Information. If the meet and confer procedure does not resolve whether the documents contain Confidential Information, a party hereto may at any time apply to the Court for a subsequent order, designating certain documents to be excluded from the category of Confidential Information. In the resolution of such matter, the burden of establishing that the designated material is Confidential Information shall be on the party that made the claim of confidentiality, i.e., the producing party. The material that is subject to the motion shall continue to be treated as "CONFIDENTIAL" until the matter is resolved.

2. The designation of "CONFIDENTIAL" by a party is intended solely to facilitate compliance with discovery in this action. Neither such designation nor treatment in conformity with such designation shall be construed as an admission or agreement by any party that the designated information constitutes or contains any Confidential Information. No party shall be obligated to challenge the propriety of any designation by any producing party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge to the propriety of such designation in this or any other action.

D.   **FINAL DISPOSITION**

1. Within 60 days of the final disposition of this action, absent written agreement reached to the contrary, counsel for any party having possession, custody or control of Confidential Information produced in the course of discovery or at trial of this action shall promptly return or certify destruction of all documents and tangible items covered by this Stipulated Protective Order to counsel for defendants, and shall destroy all copies, transcripts, notes and extracts containing Confidential Information, except those marked as exhibits during trial. Such exhibits shall remain subject to such limitations as the trial court shall specify, or, if no such order is made, shall remain subject to this Stipulated Protective Order. However, outside counsel of record may retain court filings; trial, deposition, and hearing transcripts; correspondence; expert reports; attorney and consultant work product; and deposition and trial exhibits for archival purposes. If Confidential Information is destroyed pursuant to this paragraph, outside counsel for the receiving party shall provide to outside counsel for the producing party a certification in writing that the destruction was performed.

2. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

E. **UNINTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION**

1. Counsel shall exert their best efforts to identify documents, materials, testimony, or things protected by the attorney-client privilege, work-product doctrine, joint-defense privilege, or any other applicable privilege or protection prior to the disclosure of any such documents or material. If a party unintentionally discloses documents or material that is privileged or otherwise immune from discovery, the party shall, promptly upon discovery of the disclosure, so advise the receiving party in writing, request the documents or material including all copies or derivations thereof be returned or destroyed, and attach a privilege log entry pertaining to the documents or material that is privileged or otherwise immune from discovery. If that request is made and the privilege log provided, no party shall thereafter assert that the disclosure constituted a waiver by the producing party of any claim that the documents are subject to the attorney-client privilege, work-product doctrine, joint defense privilege or any other applicable privilege or protection pursuant to Federal Rule of Evidence 502(d). It is further agreed that the receiving party will return or destroy the inadvertently produced documents or material, and all copies and derivations (including any notes or work product made therefrom) within five (5) business days of the receiving party's receipt of a written request for the return of the documents or material. The receiving party having returned or destroyed the inadvertently produced documents or material may thereafter seek production of the documents or material in accordance with the Federal Rules of Civil Procedure, but cannot assert that the privilege has been waived due to the unintentional disclosure. If the receiving party disputes that any such document or thing is protected by the asserted privilege or immunity, the receiving party shall so notify the producing party in writing when the Document or thing is returned to the producing party. Within ten (10) days after receiving such notice, the parties shall first confer, and if such

1  conference does not resolve the dispute, then within five (5) days after such conference shall
2  present the dispute to the Court. In determining whether any document is properly subject to a
3  claim of attorney-client privilege, work-product protection, joint-defense privilege, or any other
4  privilege or protection following receipt of notice of inadvertent production, the receiving party
5  shall not challenge the reasonableness of the steps taken by the producing party to protect any
6  applicable privilege or protection. These procedures are not intended to in any way limit the right
7  of a party to argue under Federal Rule of Evidence 502 or any other law that any inadvertent
8  production did not constitute a waiver. The receiving party shall not use or disclose the
9  documents until the claim is resolved and shall take reasonable steps to retrieve the documents if
10 the receiving party disclosed them before being notified. Return of the documents by the
11 receiving party shall not constitute an admission or concession, or permit any inference, that the
12 returned document or thing is, in fact, properly subject to a claim of attorney-client privilege,
13 work product protection, joint defense privilege or any other privilege or protection.

14 **F.   MISCELLANEOUS**

15      1.   Nothing in this Order affects in any way the admissibility of any documents,
16 testimony, or other evidence at trial. By stipulating to the entry of this Stipulated Protective
17 Order no party waives any right it otherwise would have to object to disclosing or producing any
18 information or item on any ground not addressed in this Order. Similarly, no party waives any
19 right to object on any ground to use in evidence of any of the material covered by this Stipulated
20 Protective Order.

21      2.   Nothing in this Order abridges the right of any person to seek its modification by
22 the Court in the future. This Order is entered without prejudice to the right of any party to apply
23 to the Court at any time for additional protection, or to relax or rescind the restrictions of this
24 Order, when convenience or necessity requires. Furthermore, without application to this Court,
25 any party that is a beneficiary of the protections of this Order may enter a written agreement
26 releasing any other party hereto from one or more requirements of this Order even if the conduct
27 subject to the release would otherwise violate the terms herein. Nothing in this Order shall bar or
28 otherwise restrict any counsel herein from rendering advice to the counsel's party-client with

1  respect to this action, and in the course thereof, relying upon an examination of designated
2  material, provided, however, that in rendering such advice and in otherwise communicating with
3  the party-client, the counsel shall not disclose any Confidential Information to anyone not
4  authorized to receive such Confidential Information pursuant to the terms of this Order.

5       3.     To the extent that the parties have agreed on the terms of this Order, such
6  stipulation is for the Court's consideration and approval as an Order. The parties' stipulation
7  shall not be construed to create a contract between the parties or between the parties and their
8  respective counsel.

9       4.     All parties hereto specifically agree that the United States District Court for the
10 District of Nevada is responsible for the interpretation and enforcement of this Stipulated
11 Protective Order. After termination of this litigation, the provisions of this Stipulated Protective
12 Order shall continue to be binding except with respect to those documents and information that
13 become a matter of public record. All disputes concerning Confidential Information produced
14 under the protection of this Stipulated Protective Order shall be resolved by the United States
15 District Court for the District of Nevada.

16       5.     Each of the parties agrees to be bound by the terms of this Stipulated Protective
17 Order as of the date counsel for such party executes this Stipulated Protective Order, even if prior
18 to entry of this order by the Court.

DATED: May 4, 2016                CROWELL & MORING LLP

                                  By:  /s/ Pilar R. Stillwater
                                       Pilar R. Stillwater

                                       Attorneys for Plaintiff
                                       TRAMOS INTERNATIONAL N.V.

| | |
|---|---|
| 1    DATED: May 4, 2016 | GUNDERSON LAW FIRM |

By: */s/ Catherine A. Reichenberg*
    Catherine A. Reichenberg
    Mark H. Gunderson

Attorneys for Defendants

IT IS SO ORDERED

_____
United States Magistrate Judge

DATED: May 4, 2016