UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRAMOS INTERNATIONAL N.V., a Belgium corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINE A. MAY, R. PARKIN MAY; JAMES R. ESPOSITO, BERGDAHL ASSOCIATES, INC., a Nevada corporation, AND RPM TECHNOLOGY LLC, a Nevada limited-liability company,<br><br>Defendants. | Case No.  3:15-cv-00620-LRH-VPC<br><br>**CONSENT DECREE AND PERMANENT INJUNCTION** |

The Court, having read and considered the Joint Stipulation Re Dismissal and Entry of Consent Decree and Permanent Injunction that has been executed by Plaintiff Tramos International N.V. ("Tramos") and Defendants Christine A. May, R. Parkin May, James Esposito, Bergdahl Associates, Inc., and RPM Technology LLC ("Defendants"), in this action, and good cause appearing therefore, hereby:

ORDERS that based on the Parties' stipulation and only as to Defendants, their successors, heirs, and assigns, this Injunction shall be and is hereby entered in the within action as follows:

1. This Court has jurisdiction over the Parties to this action and over the subject matter hereof pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  Service of process was properly made against Defendants.

2. Tramos is the owner of all rights in and to United States Trademark Registration No. 3,927,849 (the "Tramos Trademark").

3. Tramos owns or controls the copyright on photos depicting its products, which are attached hereto as Exhibit A and incorporated herein by this reference (the "Tramos Copyrighted Works").  (The Tramos Trademark and the Tramos Copyrighted Works are collectively referred to herein as "Tramos' Properties.")

4. Tramos has alleged that Defendants have made unauthorized uses of Tramos' Properties.

5. Defendants and their agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active concert or participation with any of them who receive actual notice of this Injunction are hereby restrained and permanently enjoined from infringing in any manner Tramos' Properties and photographs, images, or text which Defendants know was created by Tramos, and which is subject to the same trademark and/or copyright protections as the Tramos Properties, including, but not limited to, the following:

  a) Copying, reproducing, downloading, distributing, uploading, linking to, or transmitting, or using trademarks, trade names or logos in connection with

unauthorized use of any of Tramos' Properties;

    b)    Copying, reproducing, downloading, distributing, uploading, linking to, or transmitting any of Tramos' Properties; or

    c)    Profiting from the unauthorized copying, reproduction, downloading, distribution, uploading, linking to, or transmission of any of Tramos' Properties.

6. Each side shall bear its own attorneys' fees and costs of suit.

7. All claims alleged in the First Amended Complaint as to Defendants are denied and now dismissed with prejudice. This Injunction shall remain binding and enforceable notwithstanding the dismissal of all claims pursuant to this order.

8. This Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

9. The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendants.

10. Should Tramos bring, and prevail in, a contempt action to enforce the terms of this Consent Decree, Defendants shall, in addition to other remedies, pay all attorneys' fees and costs incurred by Tramos in bringing such an action. Should Tramos not prevail, it shall pay all of the Defendants attorneys' fees and costs in defending such action.

**IT IS SO ORDERED.**

DATED this 18th day of July, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

# EXHIBIT A












